UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BONNIE CLAIBORNE,

                    Plaintiff,

                                                                   **REPORT &**
                                                                   **RECOMMENDATION**

              -against-                                   17-CV-6692 (JFB) (GRB)

WINTHROP UNIVERSITY HOSPITAL,

                    Defendant.
----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       Pending before the undersigned, on referral from the Honorable Joseph F. Bianco, is defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). DE 14. Plaintiff, *pro se*, a former employee of defendant, purports to seek relief under four federal statutes: (1) the Age Discrimination Employment Act ("ADEA"), (2) religious discrimination under Title VII of the Civil Rights Act, (3) the Americans with Disabilities Act ("ADA"), and (4) the Family and Medical Leave Act ("FMLA").

## STATEMENT OF FACTS

       The following facts come from the complaint and are treated as true for the purposes of this motion.

       Plaintiff was employed by defendant in a capacity that required interaction with hospital patients. *See* DE 1 at 5–8. She was required to arrange scheduling requests, such as "com[ing] in early or switch[ing] day, [sic] get a vac, [sic] personal, sick day or make up on the weekends"

1

with Cindy O'Hara. *Id.* at 5. Denise Hodish, apparently a supervisor, advised plaintiff, when seeking leave, plaintiff must speak with her, and "to let [Hodish] know if was for [plaintiff's] knee." *Id.* Plaintiff alleges that she presented doctors' notes to Hodish, who would "get mad if I had to change a day." *Id.* Hodish then began to "lecture" plaintiff regarding her time off, some of which was for surgery and cancer treatment. *Id.* O'Hara would still occasionally allow plaintiff flexibility regarding time off. *Id.* at 6. Plaintiff alleges "[O'Hara] got in trouble" and Hodish assumed control of plaintiff's leave requests. *Id.*

Plaintiff received a negative evaluation regarding an incident with a patient, which suggested that plaintiff did not know how to properly support a patient being escorted to the bathroom. *Id.* Plaintiff refused to sign the evaluation because she contested that assessment. *Id.* at 6–7. Hodish prepared a second negative evaluation of plaintiff, which plaintiff also refused to sign. *Id.* at 7.

Plaintiff spoke with Human Resources "several times," which produced no result, "especially when at that time I was also told not to say GOD." *Id.* Plaintiff "got scared" because supervisors began asking about her whereabouts, when plaintiff was in the bathroom or at lunch. *Id.*

Roseann Caldon refused to provide plaintiff with a copy of the evaluation "and dismissed [plaintiff]." *Id.* Plaintiff was terminated in a "third meeting" with five people. *Id.* at 8. Before she could explain anything, she was told "I will terminate you and no more saying GOD." *Id.* Plaintiff asked for a copy of a document, elsewhere identified as a timeline, that a supervisor was holding. *Id.* After receiving copy of the timeline, Plaintiff refused to return it after the meeting and was terminated as a result. *Id.*

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC")

2

in March 2016. *Id.* at 9. Plaintiff received her right to sue letter on August 29, 2017. *Id.* at 12. This action was timely filed on November 13, 2017. *See* DE 1. The complaint purports to set forth four claims for relief under (1) the ADEA, (2) Title VII, (3) the ADA, and (4) the FMLA.

NYU Winthrop Hospital, sued herein as Winthrop University Hospital ("Defendant") moves to dismiss the complaint, arguing that the complaint fails to state a claim upon which relief can be granted.[1]

## **DISCUSSION**

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89, 127 (2007)). While obligated to "draw the most favorable inferences" from a *pro se* complaint, this Court "cannot invent factual allegations that [plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has factual plausibility when the plaintiff pleads *factual content* that allows the court to draw the

---

[1] Defendant also asks this Court to rule that defendant terminated plaintiff for a legitimate, non-discriminatory business reason. Defendant relies on the fact that plaintiff attached to the complaint a position statement which defendant filed with the EEOC. *See e.g.*, DE 15 at 12 (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). While this Court can consider documents attached to the complaint, defendant asks this Court to credit *defendant's own* position statement—a document upon which plaintiff does not rely in her complaint. *See Halebian v. Berv*, 644 F.3d 122, 131, n.7 (2d Cir. 2011) ("a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough") (emphasis in original). Thus, considering defendant's position statement would be inappropriate on this motion.

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## I.     ADEA CLAIM

The ADEA provides that it is "unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To set forth a plausible claim for relief under the ADEA, a plaintiff must allege: "(1) that she was within the protected age group (more than forty years old); (2) that she was qualified for the position; (3) that she experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Collins v. Palmolive*, 16-CV-3366 (RRM) (LB), 2017 WL 927609, at *3 (E.D.N.Y. Mar. 8, 2017) (citing *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010)). Defendant argues that plaintiff has failed to adequately plead the last element. *See* DE 15 at 12.

Defendant correctly argues that plaintiff fails to allege any facts in support of her ADEA claim, except for checking the ADEA box on her form complaint and providing her date of birth. *See id.*; *see also* DE 1 at 3–5. That alone does not sufficiently allege circumstances giving rise to an inference of discrimination based on age. *See Ninying v. Fire Dep't*, 17 CV 688 (LDH), 2017 WL 4570784, at *2 (E.D.N.Y. Oct. 11, 2017) (dismissing ADEA claim because plaintiff "simply check[ed] the box for age discrimination on his form complaint. There are no allegations suggesting that Defendant acted in a discriminatory manner based on Plaintiff's age."); *Collins*, 2017 WL 927609, at *3 (dismissing ADEA claim where plaintiff "simply check[ed] the box on the employment discrimination form which indicate[d] that defendant discriminated against her

4

based on her age, and she supplie[d] the date of her birth. At a minimum an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed") (citing *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985)); *see also Roth v. Farmingdale Pub. Sch. Dist.*, No 14-CV-6668 (JFB) (ARL), 2016 U.S. Dist. LEXIS 23965 (E.D.N.Y. Feb. 26, 2016) ("Plaintiff fails to allege anywhere in his amended complaint that he was discriminated against on the basis of his gender or sex, apart from checking off the box indicating such discrimination at the beginning of the complaint. Such allegations are, therefore, insufficient to state a claim of discrimination, even where the plaintiff is *pro se*."). As a result, the ADEA claim should be dismissed, without prejudice.

## II. TITLE VII CLAIM

Title VII provides that it is unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). "[A] plaintiff may claim a violation of religious discrimination under Title VII under theories of either disparate treatment or denial of reasonable accommodation."[2] *Weber v. City of N.Y.*, 973 F. Supp. 2d 227, 249 (E.D.N.Y. 2013) (quoting *Bind v. City of N.Y.*, No. 08-CV-11105, 2011 WL 4542897, at *9 (S.D.N.Y. Sept. 30, 2011)); *see also Hickey v. State Univ. of N.Y. at Stony Brook Hosp.*, No. 10-CV-1285 (JS) (AKT), 2012 WL 3064170, at *6, n.8 (E.D.N.Y. July 27, 2012) ("There are two types of religious discrimination claims that can be brought under Title VII: disparate treatment claims . . . and failure to accommodate [claims].").

---

[2] Defendant does not draw the distinction between the two legal theories and only asserts arguments regarding disparate treatment. Because plaintiff is *pro se*, and defendant's arguments apply to both theories, the undersigned liberally construes the complaint as asserting both legal theories.

5

For religious discrimination based on disparate treatment, a plaintiff must plead "that: '(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.'" *Weber*, 973 F. Supp. 2d at 251 (quoting *Marmulszteyn v. Napolitano*, 523 F. App'x 13, 15 (2d Cir. 2013)).

For religious discrimination based on failure to accommodate, a plaintiff must plead that "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *Id.* (quoting *Bowles v. N.Y.C. Trans. Auth.*, 285 F. App'x 812, 813 (2d Cir. 2008)).

"At the pleading stage, a Title VII plaintiff need not allege specific facts establishing each element of a prima facie case of discrimination." *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 493 (E.D.N.Y. 2016) (Bianco, J.). "Rather, what must be plausibly supported by the facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.*

Because plaintiff has not sufficiently pleaded membership in a protected class or a bona fide religious belief, the Title VII claim should be dismissed. The only allegation regarding religious belief that can be gleaned from the complaint is that plaintiff chose to use the word "God" on several occasions. *See* DE 1 at 7 ("I was also told not to say GOD."); at 8 ("[N]o more saying GOD."). Plaintiff alleges no facts to meet her low threshold burden to establish religious belief. *See e.g.*, *Fox v. N.Y.C. Dep't of Educ.*, 2015 WL 4991878, at * 8 (S.D.N.Y. Aug. 20, 2015) (plaintiff was in a protected class because he alleged he was Christian). Thus, the

religious discrimination claim under Title VII should be dismissed, without prejudice.

### III. ADA CLAIM

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Similar to Title VII, an ADA plaintiff may proceed with either, or both, of two legal theories: discrimination or failure to accommodate.

For a discrimination claim, a plaintiff must plead "that (1) the employer is subject to the ADA; (2) the plaintiff was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) the plaintiff suffered adverse employment action because of her disability. *Morris v. Town of Islip*, No. 12-CV-2984 (JFB) (SIL), 2014 WL 4700227, at *8 (E.D.N.Y. Sept. 22, 2014).

"A plaintiff can state a claim for discrimination based upon an employer's failure to accommodate her disability by alleging facts showing: (1) that she has a disability within the meaning of the ADA; (2) that the defendants, who are covered by the ADA, had notice of her disability; (3) that with reasonable accommodations she could perform the essential functions of the position sought; and (4) that defendant refused to make such accommodations." *Graham v. Three Vill. Cent. Sch. Dist.*, No. 11-CV-5182 (JFB), 2013 WL 5445736, at *10 (E.D.N.Y. Sept. 30, 2014).

Plaintiff has not sufficiently pleaded facts alleging a disability within the meaning of the ADA and, thus, the ADA claim should be dismissed, without prejudice. "The ADA defines a

7

'disability' as: [] a physical or mental impairment that substantially limits one or more major life activities of such individual." *Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 132 (E.D.N.Y. 2015) (Bianco, J.) (citing 42 U.S.C. § 12102(1)). A physical impairment means:

> [a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine

*Id.* (citing 29 C.F.R. § 1630.2(h).

Plaintiff has not pleaded any facts that indicate she has a physical impairment. In her complaint and opposition to the motion to dismiss plaintiff references her wrist and her knee but provides no other detail. *See* DE 1 at 5 ("I had to let them know if [time off] was for my knee); at 8 ("I still have a knee problem"); DE 16 at 3 ("Yes I was out with my wrist"). Without additional detail, those allegations cannot establish a disability within the meaning of the ADA.

Plaintiff does allege that she had an unspecified cancer and received treatment. DE 1 at 5. However, this allegation does not support the ADA claim. Plaintiff has pleaded no facts to show that she suffered an adverse employment action *because of* a cancer diagnosis. *See Baron v. Advanced Asset & Prop. Mgmt. Sol., LLC*, 15 F. Supp. 3d 274, 283 (E.D.N.Y. 2014) (there must be "a demonstrated nexus to the adverse action"). Therefore, the ADA claim should be dismissed, without prejudice.

IV.   **FMLA CLAIM**

The FMLA provides, in relevant part, that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . because of a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1)(D). "There are two ways in which an employer can violate the FMLA." *Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326, 335 (E.D.N.Y. 2010) (Bianco,

J.). "First, it is unlawful for an employer to retaliate against an employee because the employee exercised [her] FMLA rights. *Id.* (citing *Potenza v. City of N.Y.*, 365 F.3d 165, 167–68 (2d Cir. 2004)). "Second, it is unlawful for an employer to 'interfere with restrain, or deny the exercise of' an employee's FMLA rights." *Id.* (citing 29 U.S.C. § 2615(a)(1)).

### A. Retaliation Claim

For a retaliation claim, a plaintiff must plead that "(1) [s]he exercised rights protected under the FMLA; (2) [s]he was qualified for h[er] position; (3) [s]he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Id.* (citing *Potenza*, 365 F.3d at 168).

Defendant raises two arguments. First, defendant contends that counseling and negative evaluations are not adverse employment actions as a matter of law. DE 15 at 18. Second, defendant contends that plaintiff fails to "provide[] any support for her claim" that she was terminated because of seeking FMLA leave. *Id.*

Notwithstanding defendant's arguments to the contrary, a plaintiff can plead a claim for relief under the FMLA based upon counseling or negative evaluations. *See e.g.*, *Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 23–24 (E.D.N.Y. 2016) (denying motion to dismiss FMLA claims, *inter alia*, because counseling sessions and negative performance reviews can constitute adverse employment actions). While inartfully pleaded, plaintiff alleges that she was not able to use FMLA leave despite having doctors' notes, and that she received negative evaluations. *See* DE 1 at 5–7. Defendant's second argument is inappropriate on a motion to dismiss. Defendant relies entirely on its own position statement filed with the EEOC, arguing plaintiff "admits that she was terminated because she refused to return a document to Human Resources." DE 15 at 18. This argument requires the weighing of evidence, but on this motion

9

the Court may only evaluate "the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Halebian v. Berv.*, 644 F.3d 122, 130 (2d Cir. 2011). As a result, though it is a close question, the FMLA retaliation claim should survive dismissal.

### B. Interference Claim

For an interference claim, a plaintiff must plead that "(1) that [s]he is an eligible employee under the FMLA; (2) that defendant is an employer under the FMLA; (3) that [s]he was entitled to FMLA leave; (4) that [s]he gave notice to defendant of h[er] intention to take leave; and (5) that the defendant denied or otherwise interfered with benefits to which the employee was entitled under the FMLA." *Id.* (citation omitted).

Plaintiff has pleaded an interference claim. Plaintiff pleads that she attempted to use time off—which the undersigned broadly construes as FMLA leave because one of the examples plaintiff uses is for cancer treatment.[3] *See* DE 1 at 5. Plaintiff further alleges that O'Hara previously permitted her more flexible options, but that Hodish assumed O'Hara's role. *Id.* Furthermore, Hodish would grow angry and "lecture" plaintiff about time off, despite doctors' notes. *Id.* at 6. Defendant fails to raise an argument in opposition to this claim. Thus, the FMLA interference claim should survive dismissal.

### **CONCLUSION**

The undersigned respectfully recommends that the Court grant in part and deny in part the motion to dismiss, as follows:

1. Grant defendant's motion as to the ADEA, Title VII, and the ADA claims, and dismiss

---

[3] While plaintiff's knee or wrist conditions might also apply to an FMLA analysis, the dearth of information regarding those conditions prevents any substantive analysis. *See* DE 1 at 5, 8; DE 16 at 3.

10

those claims without prejudice;

2. Deny defendant's motion to dismiss the FMLA claims;

3. Direct plaintiff to file an amended complaint, if appropriate, to correct any pleading deficiencies, within 30 days of the date of the district court's order.

## OBJECTIONS

A copy of this Report and Recommendation has been provided to counsel for defendant via ECF. **Counsel for defendant is directed to serve a copy of this Report and Recommendation upon *pro se* plaintiff and file proof of service.** Any written objections must be filed with the Clerk of the Court within fourteen (14) days of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object)*; Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
      February 13, 2019

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States Magistrate Judge