FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 25 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BONNIE CLAIBORNE,

                        Plaintiff,

                        ORDER
-against-                    17-CV-6692 (JFB) (GRB)

WINTHROP UNIVERSITY HOSPITAL,

                        Defendant.

-----------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

        On February 13, 2019, Magistrate Judge Brown issued a Report and Recommendation (the "R&R," ECF No. 23) recommending that the Court grant in part and deny in part the motion to dismiss plaintiff's complaint filed by defendants (ECF No. 14), and grant plaintiff leave to amend her complaint. The R&R was served on plaintiff on February 14, 2019. (ECF No. 24.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (R&R 11.) On February 27, 2019, defendant filed objections to the R&R. (ECF No. 25.) On February 27, 2019 plaintiff requested an extension of time to respond from February 27, 2019 to March 15, 2019. (ECF No. 26.) The Court granted this request. (ECF No. 27.) On March 15, 2019, plaintiff filed a response to the R&R, which the Court construes as objections. For the reasons set forth below, having conducted a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety, granting in part and denying in part defendant's motion to dismiss. The Court grants plaintiff thirty (30) days to amend her complaint.

## Defendant's Objections

Defendant objected to the R&R to the extent that it recommended that the FMLA retaliation and interference claims should survive the defendant's motion to dismiss. In particular, defendant argues that, "[a]s for FMLA retaliation, Plaintiff admits in the Complaint that her termination had nothing to do with FMLA." (Def.'s Obj. at 2.) Defendant further argues that negative performance reviews cannot, by themselves, constitute an adverse employment action for purposes of an FMLA retaliation claim. (*Id.* at 7.) Defendant also asserts that "[t]he Complaint – far from stating a claim for FMLA interference – actually concedes that Winthrop granted Plaintiff's FMLA request." (*Id.* at 2.) As set forth below, the Court finds the defendant's arguments unpersuasive.

As a threshold matter, the Court notes that it is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

With respect to the FMLA retaliation claim, although plaintiff did admit in her complaint that she was terminated after she refused to return a document to Human Resources (even though she was warned), that does not mean that plaintiff has conceded that her termination was not retaliatory. More specifically, even if a plaintiff engages is some type of misconduct (such as a

failure to follow a supervisor's direction), a plaintiff is still permitted to argue that the employer's discipline for that conduct was disproportionate and retaliatory. *See, e.g., Zanes v. Fairfield Communities, Inc.*, Civil Action No. 05-2288 (JEI), 2008 WL 2780461, at *5 (D.N.J. July 17, 2008) ("Construing these facts in the light most favorable to [plaintiff], a reasonable factfinder could conclude that immediately terminating [plaintiff] was a disproportionate reaction to the situation, thereby suggesting that the termination was pretextual."); *see also Newbhard v. Memorial Sloan Kettering Cancer Center*, 104 F.3d 353, at *2 (2d Cir. Nov. 22, 1996) (summary order) (upholding district court's decision that "the jury could have found that for a long-time employee who encountered travel problems and sickness, and who informed her employer that she would be unable to return as scheduled, termination was proportionate punishment"). This is especially true where (based upon plaintiff's interview by the Department of Labor as set forth in the attachment to the Complaint) plaintiff appears to assert that she was being threatened with termination at the meeting before the allegedly insubordinate act of taking the paper (in order to have documentation for her claims). *See* ECF Doc. No. 1-1, at 22 ("I was threatened so many times when I was in there, I had to have that paper, because that[] was the only proof of what they were doing to me. I had just gotten an evaluation, because I wrote on the eval that they were harassing me. I had FMLA and Cancer."). Thus, plaintiff's admission that she failed to return the paper after being warned does not, as a matter of law, preclude her claim that the termination was retaliatory.

In any event, the alleged negative evaluations also can provide an independent basis for an adverse action for purposes of an FMLA retaliation claim. The Court emphasizes that the standard for an adverse employment action for retaliation purposes is lower than the standard for purposes of a discrimination claim. In particular, as the Second Circuit has stated, "[f]or

purposes of the FMLA's anti-retaliation provision, a materially adverse action is any action by the employer that is likely to dissuade a reasonable worker in the plaintiff's position from exercising his legal rights." *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 164 (2d Cir. 2011). Moreover, contrary to defendant's contention, the Second Circuit has held, *in the context of retaliation claims*, that "of course, a poor performance evaluation could very well deter a reasonable worker from complaining." *Vega v. Hempstead Union Free School District*, 801 F.3d 72, 92 (2d Cir. 2015); *see also Tillery v. New York State Office of Alcoholism and Substance Abuse Servs.*, 739 Fed App'x 23, 26 (2d Cir. June 25, 2018) (citing *Vega* and noting that "a poor performance evaluation may sometimes constitute and adverse action," although concluding that plaintiff's evaluation in that case was "overwhelmingly positive") (citation and quotations omitted). Thus, to the extent that defendant argues that plaintiff cannot as a matter of law use a negative performance evaluation to try to establish an adverse action for purposes of retaliation, the Court disagrees. In short, having reviewed the R&R *de novo* in light of defendant's objections, the Court agrees with the R&R that plaintiff has set forth a plausible FMLA retaliation claim.

Similarly, the Court concludes that plaintiff has set forth a plausible FMLA interference claim. As the R&R correctly notes, plaintiff asserts that defendant interfered with her attempts to use time off for medical purposes, such as cancer treatment. In the objections, defendant argues that a document attached to the complaint shows that defendant approved intermittent FMLA leave from January 30, 2016 through July 30, 2016. (Def.'s Obj. at 8-9.) However, there is nothing in the complaint to suggest that this approval covered all of her FMLA requests during the relevant period. Instead, construing the *pro se* complaint liberally, it appears to broadly suggest that she was not able to fully use FMLA despite having doctors' notes. Thus, the Court

cannot conclude at this juncture that the FMLA leave approval attached to the complaint resolves plaintiff's interference claim. Obviously, defendant can raise this issue again at summary judgment, after discovery has been completed.

## Plaintiff's Objections

In her objections, plaintiff appears to try to provide additional details to support her disability claim under the ADA, her age claim under the ADEA, and her religious discrimination claim under Title VII because the R&R dismissed those claims for fail to plead sufficient allegations to state a plausible claim. First, to the extent that plaintiff is objecting to the analysis in the R&R regarding these claims, the Court concludes (after *de novo* review) that the R&R correctly concluded that the complaint lacked sufficient allegations (even liberally construed) to state plausible claims under these statutes. Second, to the extent that plaintiff is attempting to provide additional details to address the defects identified in the R&R, those allegations should be set forth in an amended complaint. The R&R recommended that plaintiff being given leave to replead and this Court agrees with that recommendation, especially in light of plaintiff's *pro se* status. *See, e.g., Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) ("When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."); *see also Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them.").

## Conclusion

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 14) is granted in part and denied in part. The ADEA, Title VII, and the ADA claims are dismissed without prejudice. The Court denies defendant's motion to dismiss the FMLA interference and retaliation claims.

IT IS FURTHER ORDERED that in an abundance of caution and given plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint in accordance with this Order. Plaintiff is advised that an amended complaint completely replaces the original. Therefore, plaintiff must include all claims against a proper defendant(s) that she intends to pursue. Any amended complaint shall be clearly labeled "Amended Complaint," shall bear the same docket number as this order, 17-CV-6692, and shall be filed within thirty (30) days from the date of this Order. If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and the case will be closed. Plaintiff shall file the amended complaint by April 30, 2019.

SO ORDERED.
S/ JOSEPH F BIANCO

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2019
Central Islip, NY