UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BONNIE CLAIBORNE,

                        Plaintiff,                        **MEMORANDUM AND ORDER**

     - against -                                      17-CV-6692 (RRM) (ARL)

WINTHROP UNIVERSITY HOSPITAL,

                        Defendant.
------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

       On November 13, 2017, plaintiff Bonnie Claiborne commenced this *pro se* action alleging claims under the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act, Americans with Disabilities Act ("ADA"), and Family and Medical Leave Act ("FMLA") claims against her employer, defendant Winthrop University Hospital ("Winthrop"). (Complaint (Doc. No. 1).) By order dated March 25, 2019, Judge Bianco adopted a Report and Recommendation ("R&R") by then-Magistrate Judge Brown, which recommended dismissing all of Claiborne's claims excluding her FMLA claims and granted Claiborne leave to file an amended complaint. (Order Adopting R&R (Doc. No. 32).) Although Claiborne filed an amended complaint, that pleading inexplicably omitted the FMLA claims and focused entirely on claims that have already been dismissed. Winthrop has moved to dismiss and has correctly noted the deficiencies in Claiborne's amended pleading. However, since Judge Bianco found that Claiborne had a valid FMLA claim and since it appears that the *pro se* plaintiff misunderstood Judge Bianco's order, the Court *sua sponte* grants Claiborne leave to file a second amended complaint.

**BACKGROUND**

In her complaint, Claiborne alleges, among other things, that her employer violated her rights by interfering with her use of FMLA leave despite having doctors' notes and receiving negative professional evaluations. (Compl. at 5–7.)[1] She also alleges that she was prohibited from saying "GOD" and threatened with termination if she continued to say "GOD" at work. (*Id.* at 7–8.) On April 2, 2018, Winthrop moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. (Mot. to Dismiss (Doc. No. 14).) Judge Bianco[2] referred the motion to Magistrate Judge Brown for an R&R. (Order Referring Motion (Doc. No. 19).) On February 13, 2019, Magistrate Judge Brown issued an R&R recommending that Judge Bianco grant Winthrop's motion as to Claiborne's ADEA, Title VII, and ADA claims, without prejudice, and deny Winthrop's motion as the FMLA claim. (R&R (Doc. No. 23).) Magistrate Judge Brown agreed with Winthrop that Claiborne had not provided any facts to support her ADEA claim, other than checking the ADEA box on her form complaint and providing her date of birth. (*Id.* at 4.) Magistrate Judge Brown also agreed that Claiborne had not sufficiently pleaded membership in a protected class or a bona fide religious belief and therefore her Title VII claim failed. (*Id.* at 6.) In addition, Magistrate Judge Brown found Claiborne's ADA claim likewise failed because she had not sufficiently pleaded facts alleging a disability within the meaning of the ADA, but merely made vague references to her knee and wrist without more. She also did not plead any facts to show that suffered adverse employment action because of her disability. (*Id.* at 7–8.)

However, Magistrate Judge Brown refused to dismiss Claiborne's FMLA claim. Magistrate Judge Brown found that Claiborne sufficiently pleaded an FMLA retaliation claim by

---

[1] All page numbers refer to ECF pagination.
[2] This case was reassigned on May 30, 2019, in light of Judge Bianco's appointment to the Second Circuit.

2

alleging that she was not able to use FMLA leave despite having doctors' notes and that she received negative evaluations. (*Id.* at 9.) Magistrate Judge Brown also found that Claiborne had sufficiently pleaded an FMLA interference claim through her allegation, which Magistrate Judge Brown broadly construed, that Claiborne tried use her FMLA leave but it angered her superiors even though she supplied them with doctors' notes. (*Id.* at 10.)

Both parties objected to the R&R. (Winthrop's R&R Objections (Doc. No. 25); Claiborne's R&R Objections[3] (Doc. No. 31).) Winthrop objected to the R&R's recommendation that the FMLA retaliation and interference claims survive the motion to dismiss, arguing that: (1) Claiborne admitted that her termination had nothing to do with FMLA, (2) negative performance reviews cannot alone constitute an adverse employment action for the purposes of an FMLA retaliation claim, and (3) the complaint could not have stated an FMLA retaliation claim because it concedes that Winthrop granted Claiborne's FMLA request. (*See* Winthrop's R&R Objections.)

Judge Bianco considered the objections and adopted Magistrate Judge Brown's "thorough and well-reasoned R&R in its entirety." (Order Adopting R&R (Doc. No. 32).) Emphasizing the lower standard for adverse employment action for retaliation purposes than discrimination claims and Claiborne's *pro se* status, Judge Bianco agreed with Magistrate Judge Brown that the complaint had set forth a plausible FMLA retaliation and interference claim. (Order Adopting R&R at 4.) Having dismissed Claiborne's ADEA, Title VII, and ADA claims without prejudice, Judge Bianco granted Claiborne leave to file an amended complaint in accordance with the Order. He advised Claiborne that "an amended complaint completely

---

[3] Judge Bianco described this document as a "response to the R&R, which the Court construes as objections." (Order Adopting R&R at 1.)

3

replaces the original.  Therefore, plaintiff must include all claims against a proper defendant(s) that she intends to pursue." (*Id.* at 6.)

Claiborne timely amended her complaint on April 30, 2019.  (Am. Compl.)  The amended complaint asserts employment discrimination claims pursuant to Title VII and the ADA.  (Am. Compl. at 1.)  Apart from the information provided in the form complaint, the handwritten portion of Claiborne's amended complaint appears to be a response to the various employment infractions listed in the timeline that Claiborne received in the meeting in which she was terminated.  (Am. Compl. at 6–13.)  It does not assert an FMLA retaliation or interference claim and does not repeat the FMLA allegations contained in her original complaint.  Claiborne utilized the form complaint in both of her complaints and appended to both handwritten allegations and various employment and medical records.[4]  She indicates in her original complaint that she is asserting an FMLA claim, (Compl. at 4), but does not in her amended complaint, (*see* Am. Compl).  Unlike the original pleading, which describes opposition that Claiborne received from her supervisors regarding time off that she took for medical reasons for which she had doctors' notes, (Compl. at 5–7), the amended complaint focuses largely on the claims that were already dismissed.

On May 14, 2019, Winthrop moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint for failure to state a claim upon which relief can be granted. (Motion to Dismiss Amended Complaint ("Mot.") (Doc. No. 42-2).)  Winthrop sought dismissal of Claiborne's amended complaint in its entirety, arguing that she had failed to establish a *prima*

---

[4] This Court's review is limited to facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, and matters of which the Court may take judicial notice.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Because Rule Fed. Rule. Civ. P. 10(c) authorizes the incorporation of a written instrument that is an exhibit attached to a pleading and makes the material thus incorporated as part of the pleading, the Court may consider documents attached as exhibits to the complaint on a motion to dismiss.  *See generally Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45 (2d Cir. 2008).

*facie* case under either Title VII or the ADA. (*Id.*) Winthrop correctly notes that the amended complaint fails to allege an FMLA claim, even though that is the only claim that survived its prior motion to dismiss – "[t]he Amended Complaint, which completely supersedes Plaintiff's original Complaint (ECF No. 14), does not state a cause of action under the ADEA or FMLA . . . Winthrop does not address any claims under the FMLA because they are not raised in the Amended Complaint." (Mot. at 16 n.2.)

## DISCUSSION

Winthrop's motion to dismiss the amended complaint is granted because Claiborne has failed to allege facts to establish a *prima facie* Title VII or ADA claim. Her amended complaint on these claims fails to cure the deficiencies in her complaint identified by Magistrate Judge Brown and Judge Bianco. When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris*, 572 F.3d at 72 (noting that even after *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the court "remain[s] obligated to construe a *pro se* complaint liberally"). "[A] pro se litigant in particular 'should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim.'" *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)).

Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement and the allegations in the complaint do not raise a plausible claim to relief, dismissal is warranted. *See Twombly*, 550 U.S. at 558; *see also Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted). Moreover, a district

5

court generally should not dismiss a *pro se* complaint without permitting at least one opportunity to amend. *See Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (summary order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "[L]eave to amend should be freely granted when justice so requires." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed. R. Civ. P. 15(a)).

Here, Claiborne must be permitted the opportunity to amend her complaint in order to replead her FMLA claim. Both Judge Bianco and Magistrate Judge Brown opined that Claiborne could state a valid FMLA claim and yet her amended complaint alleges only Title VII and ADA claims. Because Claiborne has already stated a valid FMLA claim but failed to replead it in her amended complaint, justice dictates that she should be entitled to another chance to amend.

Claiborne clearly misunderstood this Court's Order on Winthrop's motion to dismiss. Judge Bianco explained that the amended complaint "completely replaces the original" and does not supplement it and therefore she should include "all claims against a proper defendant(s) that she intends to pursue." (Order Adopting R&R at 6.) Claiborne is advised that her second amended complaint <u>completely replaces the original and amended complaints</u>. Therefore, it must include all FMLA claims that she intends to pursue.

Claiborne is advised, "to state a prima facie case of FMLA retaliation, the plaintiff must show that (1) [s]he exercised rights protected under the FMLA; (2) [s]he was qualified for his position; (3) [s]he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326, 335–36 (E.D.N.Y. 2010) (citing *Potenza v. City of N.Y.*, 365 F.3d 168 (2d Cir. 2004)). Therefore, Claiborne's second amended complaint should

describe the facts and circumstances that demonstrate that she exercised her rights under the FMLA, that she suffered an adverse employment action, and should clearly describe the circumstances that suggest a retaliatory intent behind her adverse employment action. Claiborne must plead facts plainly and in chronological order that make out this claim. Claiborne cannot simply refer to prior pleadings, she must reallege all relevant facts.

The elements of an FMLA interference claim are "1) that she is an eligible employee under the FMLA; 2) that defendant is an employer as defined in FMLA; 3) that she was entitled to leave under FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under FMLA." *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 427 (S.D.N.Y. 2004). Should Claiborne file a second amended complaint, she should describe the facts and circumstances plainly and in chronological order regarding how she attempted to use her FMLA leave but faced adversity from her supervisors. She should not allege facts regarding any claims apart from her FMLA claims because her non-FMLA claims have been dismissed.

Any amended complaint shall be clearly labeled "Second Amended Complaint" and shall bear the same docket number as this order, 17-CV-6692, and shall be filed within thirty (30) days from the date of this Order.

## CONCLUSION

For the reasons set forth above, the Court dismisses the amended complaint and grants Claiborne thirty days' leave to file a second amended complaint in accordance with this Memorandum and Order. If Claiborne fails to file a second amended complaint within thirty (30) days, this action shall be dismissed without prejudice, and judgment shall enter. The Clerk of Court is respectfully directed to mail a copy of this Order to Claiborne and to note that mailing on the docket sheet.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                          SO ORDERED.

Dated:  Brooklyn, New York                      *Roslynn R. Mauskopf*
         September 28, 2020

                                                          _____
                                                          ROSLYNN R. MAUSKOPF
                                                          Chief United States District Judge